United States District Court
Southern District of Texas
**ENTERED**
March 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ADRIAN GIL ROJAS, <br> "Petitioner," <br><br> v. <br><br> FRANK VENEGAS, et al., <br> "Respondents." | § <br> § <br> § <br> § <br> §    Civil Action No. 1:25-cv-00056 <br> § <br> § <br> § |

## AMENDED ORDER

Before the Court is Petitioner's "Motion for Temporary Restraining Order or, in the Alternative, for a Preliminary Injunction" (Dkt. No. 2) ("TRO"). For these reasons, Petitioner's TRO (Dkt. No. 2) is **GRANTED**.

### I.   BACKGROUND

Petitioner is a Venezuelan national with Temporary Protected Status ("TPS"). Dkt. No. 1 p. 1-2. Respondents detained Petitioner January 21, 2025, following a removal order entered September 10, 2024, by a Buffalo, NY, Immigration Court. *Id.* at p. 4.[1] Despite Congress' express command that the removal orders of TPS holders cannot be executed, Respondents have attempted and intend to execute Petitioner's removal order. *Id.* at p. 5; See 8 U.S.C. § 1254a(a)(1)(A). As a result, Petitioner seeks a TRO, or preliminary injunction, enjoining respondents from executing his removal. Dkt. No. 2.

### II.   LEGAL STANDARD

A party seeking a temporary restraining order or preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis.*, LLC, 710 F.3d 579, 582 (5th Cir. 2013).

---

[1] On March 11, 2025, Petitioner filed a motion with the Buffalo Immigration Court to reopen the proceedings. Dkt. No. 1 p. 4.

1

## III.   DISCUSSION

It is clear under 8 U.S.C. § 1254a(a)(1) that Petitioner is likely to be successful on the merits. A holder of TPS may not be removed from the United States while the TPS is in effect. 8 U.S.C. § 1229a(b)(5)(C). Even if an alien is ordered to be removed, the order cannot be enforced so long as the alien remains in TPS. *Duarte v. Mayorkas*, 27 F.4th 1044, 1054-55 (5th Cir. 2022). This Court sees no reason to doubt Petitioner's TPS status given Petitioner's receipt showing approval of his application for TPS. Dkt. No. 2-1 p. 8.[2]

Petitioner would suffer irreparable harm if Respondents were allowed to execute his removal order. If removed, Petitioner would lose his TPS status, the opportunity to contest his removal, the right to apply for asylum, the ability to live with his family, and the opportunity to work in the U.S. Petitioner is entitled to these rights at least until April 7, 2025.[3]

Finally, the balance of equities and public interest favor Petitioner. In comparison to the complete upheaval of Petitioner's life here in the U.S., the government would suffer little to no harm in the granting of this TRO. The Respondents/government are simply being held to the rule of law, and it is in the public interest for government officials to comply with federal law. *Texas v. United States*, 40 F.4th 205, 229 (5th Cir. 2022).

## IV.   CONCLUSION

For these reasons, Petitioner's TRO (Dkt. No. 2) is **GRANTED**. It is hereby **ORDERED** that:

1. Respondents shall **not physically remove** Petitioner Adrian Gil Rojas from the United States before March 28, 2025, unless upon Order of this Court.
2. Counsel for Petitioner shall immediately serve a copy of the Petition for Writ of Habeas Corpus, Request for Temporary Restraining Order, or in the Alternative, for a Preliminary Injunctive Relief and this Order upon the Respondents.

---

[2] Petitioner further argues that the removal order is automatically stayed under 8 U.S.C. 1229a(b)(5)(C). But it is unclear from the evidence provided whether petitioner qualifies for an automatic stay. To qualify, Petitioner must have moved to reopen as described in clause (i) or (ii). 8 U.S.C. 1229a(b)(5). Petitioner does not qualify under clause (i) because he filed his motion 182 days after the date of the order of removal. See Dkt. No. 2-1 p. 10-12. And Petitioner provides no evidence that he qualifies under clause (ii).

[3] Petitioner may be entitled to an extension of his TPS.

2

3. Respondent shall file, by no later than **March 20, 2025**, a submission to show cause why the writ of habeas corpus should not be granted.
4. A hearing to consider extension of the Temporary Restraining Order or a Preliminary Injunction to prevent the Respondents from physically removing Petitioner Adrian Gil Rojas from the United States is set for **March 26, 2025, at 1:30 p.m**.

Signed on this \_\_\_19th\_\_\_ day of March 2025.

Hon. Rolando Olvera
United States District Judge

3