UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADRIAN GIL ROJAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 1:25-CV-00056 |
| | § | |
| FRANK VANEGAS, Facility Administrator | § | |
| for El Valle Detention Center, et al., | § | |
| | § | |
| Respondents. | § | |

## RESPONDENTS' RESPONE TO PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

Respondents provide this brief reply in response to Plaintiff's Motion for Temporary Restraining Order or, in the alternative, for a preliminary injunction. See ECF Doc. 2. In support of its response, Respondents submit:

### RELEVANT FACTS

1. Plaintiff Adrian Gil Rojas ("Rojas") illegally entered this country on or about April 30, 2023. *See* ECF Doc. 1 ¶13.

2. On May 16, 2024, Mr. Rojas was granted Temporary Protected Statues ("TPS"). *See* ECF Doc. 2, Exh. B. His Temporary Protected Status will expire on April 2, 2025. *See id*. Mr. Rojas will not be able to extend his TPS authorization. *See* 90 Fed. Reg. 9040.

3. On September 10, 2024, Mr. Rojas received a final order of removal in abstentia. *See* ECF Doc. 1 ¶14.

4. On January 21, 2025, Plaintiff was arrested and detained. *See* ECF Doc 1 ¶8.

5.  On March 11, 2025, Plaintiff filed a Motion to Reopen his final order of removal. *See* ECF Doc. 2 p. 2. Plaintiff's Motion for Temporary Restraining Order followed shortly afterwards. *See* ECF Doc. 2.

## RESPONSE

Defendant agrees that while Mr. Rojas maintains valid TPS status, Mr. Rojas is not deportable today. Rather, Defendant provides this short response to explain why it should be permitted to continue to detain Mr. Rojas.

Section 1231(a) of the INA provides than when an alien is ordered removed, he must be removed from the United States within a period of 90 days. 8 U.S.C. §1231(a)(1)(A). Of relevance here, TPS "essentially freezes an alien's position within the immigration system", thus "[a]n alien may even be ordered removed while under TPS, though the order remains inexecutable so long as the alien remains a TPS beneficiary." *Duarte v. Mayorkas*, 27 F.4th 1044, 1053-54 (5th Cir. 2022).

Upon the ending of Mr. Rojas's TPS status, which here is April 2, 2025, his final order of removal would have been executable. However, in the last month, after Mr. Rojas was detained, Plaintiff filed a Motion to Reopen the removal order. *See* ECF Doc. 2. p. 2. The Fifth Circuit has already held that most challenges to a deportation order "must be filed not later than 30 days after the date of the final order of removal." *See Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227 (5th Cir. 2017); 8 U.S.C. §1252(b)(1). Therefore, Mr. Rojas should have filed his Motion to Reopen by October 10, 2024.

Despite the time requirement, Mr. Rojas now uses this Motion to Reopen to further stall his deportation. Regardless, Defendants will agree to keep him in detention and not deport him until a decision on the Motion to Reopen. Given that Mr. Rojas is likely deportable soon, Defendant requests the Court allow it to continue to detain Mr. Rojas since it believes that Mr.

Rojas is a flight risk. *See* 8 U.S.C. § 1231(a)(6). This is supported by the fact that he previously missed the immigration hearing where he was ordered removed, and did not file any paperwork explaining the absence until six months later. *See* ECF Doc. 1 ¶14 (lacking explanation of exceptional circumstances). Defendant believes Mr. Rojas's prior failure to attend an immigration court proceeding demonstrates that he is a flight risk, and thus detention at this time is proper.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Respondents pray this Court deny Plaintiff's Motion for a Temporary Restraining Order and all other requested relief requested under his Petition for Writ of Habeas Corpus.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney

DANIEL D. HU
Civil Division, Chief
United States Attorney's Office
Southern District of Texas

By: ***/s/Nancy L. Masso***
NANCY L. MASSO
Assistant United States Attorney
600 East Harrison St., #201
Brownsville, Texas 78520
TEL: (956) 548-2554
FAX: (956) 548-2775
State Bar No. 00800490
Fed. I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sends notice of electronic filing to Plaintiff's counsel of record.

By: *s/ Nancy L. Masso*
NANCY L. MASSO
Assistant United States Attorney