UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ADRIAN GIL ROJAS,<br><br>    *Petitioner,*<br><br>    v.<br><br>FRANK VANEGAS, Facility Administrator for El Valle Detention Center; MIGUEL VERGARA, Acting Field Office Director, San Antonio Field Office, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; PAMELA JO BONDI, United States Attorney General, *in their official capacities*,<br><br>    *Respondents.* | Civil Action No.: 1:25-cv-00056 |

**PETITIONER'S REPLY IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS**

In its response to Petitioner Adrian Gil Rojas's petition[1], the government acknowledges that Mr. Gil Rojas holds Temporary Protected Status (TPS), but completely ignores the TPS statute's unambiguous command:

> An alien provided temporary protected status under this section *shall not be detained* by the Attorney General on the basis of the alien's immigration status.

---

[1] The government fashions its brief as a Response to Petitioner's Motion for a Temporary Restraining Order. But the Court ordered a response to the habeas petition, not the TRO, *see* Dkt. 9 at 3 (ordering a submission to show cause why the writ of habeas corpus should not be granted), and the government's filing pertains almost entirely to Mr. Gil Rojas's custody status, which is at issue in the petition but not the TRO, as the TRO sought only a stay of his removal. Dkt. 3 at 1 (Plaintiff's Motion for a Temporary Restraining Order).

1

8 U.S.C. 1254a(d)(4) (emphasis added). *See also* Dkt. 1 at 1. Although the government has now detained Mr. Gil Rojas for more than two months, its response never even attempts to explain how his detention is consistent with this statute's unambiguous prohibition.

Instead, the government asserts authority to detain Mr. Gil Rojas *now* because of what *might* transpire in the future. *If* his TPS status expires on April 2, and *if* his motion to reopen is denied, at that point "he *will* become deportable," which in turn would justify his detention as a flight risk. Dkt. 15 at 2 (citing 8 U.S.C. 1231(a)(6)) (emphasis added).

There are at least three fatal defects with that justification. First, the government cites no authority for the proposition that it can detain Mr. Gil Rojas *now* because it might gain authority to do so in the future. Section 1231(a)(6) never mentions TPS, and the TPS-specific detention statute at Section 1254a(d)(4) contains no exception permitting detention of TPS holders who—in the government's view—might lose their status soon.

Second, even if TPS does expire, Mr. Gil Rojas will not become subject to removal unless and until the Immigration Judge presiding over his removal case denies his motion to reopen. Dkt. 1 at 5. So long as it remains pending, his removal is automatically stayed—a fact the government now appears to acknowledge, Dkt. 15 at 2, despite its effort to deport him two weeks ago. The government suggests in response that the motion was untimely, but under that law of this Circuit as well as the Second, where his motion was filed, untimeliness need not be fatal to a motion to reopen. *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000); *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016). Again, rather than indulge in the government's speculative prediction about what may happen in the future, this Court should decide this petition based on the authority the government has *now*.

Third, there are very good reasons to believe Mr. Gil Rojas will not lose TPS status on April 2, or at any time in the near future. The government does not dispute that its attempt to rescind TPS for Venezuela is presently the subject of litigation. Dkt. 1 at 8. If the court in that case grants the plaintiffs' motion to postpone, Mr. Gil Rojas's TPS status will *not* expire on April 2, 2025. Indeed, the Trump Administration's attempts to end TPS in 2018 ultimately proved unsuccessful, as those TPS holders retained their status for the duration of the first Trump administration and beyond. Dkt. 1 at 8. As that history illustrates, any prediction about the outcome of the ongoing TPS litigation would be speculative. The government can detain people only where it has authority to do so *now*, not where it might gain such authority in the future.

Finally, the government entirely ignores the equities in Mr. Gil Rojas's favor. His two year-old son—who watched in horror as ICE officers illegally arrested him two months ago—remains separated from his father. *See* Exh. A to Reply, Villegas Decl. (describing how their son was home alone with Mr. Gil Rojas when officers detained him and the boy's mother arrived only 20 to 25 minutes later, to find her son crying alone in a room with agents). Their son still asks for his father each day, especially at night, and Mr. Gil Rojas's partner, the boy's mother, also continues to suffer from Mr. Gil Rojas's on-going unlawful imprisonment. *Id*. Separately, as noted in his TRO, Mr. Gil Rojas was also a trial witness following the murder of his boss at a rest stop in upstate New York. Dkt. 2-1 at Exh. A. A letter from a District Attorney in Clinton County, New York, notes that Mr. Gil Rojas feared retaliation for his testimony but nonetheless took the stand and helped secure a conviction of the perpetrator. Exh. B to Reply, Joo Ltr. In the face of this showing, and the patent illegality of his continued detention, the government never explains why it cannot at least release Mr. Gil Rojas with an electronic monitor or other comparable supervisory mechanisms that would satisfy any flight risk concerns.

Mr. Gil Rojas has now been detained without any colorable legal basis for more than two months. This Court should order his immediate release.

Respectfully submitted,

/s/ Paige Austin
Paige Austin*
Make The Road New York
301 Grove St.
Brooklyn, New York 11237
Telephone: (718) 565-8500 ext. 4139
Facsimile: (866) 420-9169
Email: paige.austin@maketheroadny.org
NY Bar: 5246954

Javier Maldonado
Law Office of Javier N. Maldonado, PC
8620 N. New Braunfels, Ste. 605
San Antonio, Texas 78217
Telephone: (210) 277-1603
Facsimile: (210) 587-4001
Email: jmaldonado.law@gmail.com
TX Bar No. 00794216
Fed. Bar No. 20113

Ahilan T. Arulanantham*
Center for Immigration Law and Policy
UCLA SCHOOL OF LAW
385 Charles E. Young Dr. E., Box 951476
Los Angeles, CA 90095
Telephone: (310) 983-3345
Email: arulanantham@law.ucla.edu
CA Bar: 237841

*admitted pro hac vice

**ATTORNEYS FOR PETITIONER**

## CERTIFICATE OF SERVICE

  I hereby certify that on March 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sends notice of electronic filing to Plaintiff's counsel of record.

/s/ Paige Austin
Paige Austin
Make The Road New York
301 Grove St.
Brooklyn, New York 11237
Tel: (718) 565-8500 ext. 4139
Facsimile: 866-420-9169
Email: paige.austin@maketheroadny.org
NY Bar: 5246954

**ATTORNEY FOR PETITIONER**