UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ADRIAN GIL ROJAS,<br><br>    *Petitioner,*<br><br>    v.<br><br>FRANK VANEGAS, Facility Administrator for El Valle Detention Center; MIGUEL VERGARA, Acting Field Office Director, San Antonio Field Office, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; PAMELA JO BONDI, United States Attorney General, *in their official capacities*,<br><br>    *Respondents.* | Civil Action No.: 1:25-cv-56 |

**PLAINTIFF'S NOTICE OF RECENT CASE-RELATED DEVELOPMENTS**

Petitioner Adrian Gil Rojas respectfully informs the Court of two very recent developments that bear directly on this case. First, yesterday the District Court for the Northern District of California stayed DHS's decisions attempting to terminate Temporary Protected Status (TPS) for Venezuela. *See National TPS Alliance (NTPSA) v. Noem*, --- F.Supp.3d ---, 2025 WL 957677 (N.D. Cal. Mar. 31, 2025). This means that Venezuelan TPS holders whose TPS was set to expire on April 2, 2025, without any opportunity for extension, *see* ECF 15 at 1, no longer face an imminent end to their TPS protections. Under the Court's order, TPS protections for Venezuela

will remain in place at least until the final adjudication of the merits in that case.[1] To the extent Respondents relied upon Secretary Noem's vacatur and the alleged impending termination of TPS for Venezuela to justify detaining Mr. Gil Rojas, ECF 15 at 2, those actions are no longer in effect.

Second, Respondents informed Petitioner for the first time today that they intend to withdraw his existing TPS grant. The letter Petitioner received indicates that Respondents believe he is a "member or affiliate" of Tren de Aragua, a representation they have not made before this Court. *See* Decision on Temporary Protected Status, Ex. 1.

However, that document does not suffice to terminate his TPS status, and it does not render his detention lawful. Respondents purport to have already withdrawn Petitioner's TPS status on that basis, but as the regulations Respondents themselves cite make clear, their decision is not in fact final. Petitioner is entitled to appeal this decision to the Administrative Appeals Office (AAO) and has 33 days to do so. Exh. 1. He is well within that appeal time period—having received this notice only today. And, crucially for present purposes, under the regulations his "Temporary Protected Status benefits will be extended during the pendency of the appeal." 8 C.F.R. 244.14(b)(3).[2] Petitioner maintains that he is neither a member nor an "affiliate" of TdA; that he presents no danger to the community; and that he intends to file such an appeal as expeditiously as possible. He therefore retains his TPS status as of now, and is still unlawfully detained.

In addition, Petitioner's Motion to Reopen remains pending with the Executive Office for Immigration Review. As Respondents have recognized, the law requires that they "not deport him until a decision on the Motion to Reopen." ECF 14. The fact that the government has nearly deported him twice since his Motion to Reopen was filed, including most recently this past

---

[1] One of the counsel for Petitioner, Mr. Arulanantham, is also counsel in the *NTPSA* case.
[2] Respondents' letter itself notes that the decision to withdraw his TPS benefits becomes final "[i]f an appeal or motion is not filed within 33 days. If an appeal or a motion is not final within 33 days, this decision is final." Ex. 1. Counsel intends to file that appeal will before the deadline.

weekend, only underscores the urgent need for this Court to order his release or take other steps to ensure that he remains protected. *Cf.* ECF 11 (staying Petitioner's removal until April 4, 2025).[3]

Petitioner looks forward to discussing these issues further at tomorrow's hearing.


April 1, 2025                                                                 Respectfully submitted,



/s/ Paige Austin
Paige Austin*
Make The Road New York
301 Grove St.
Brooklyn, New York 11237
Telephone: (718) 565-8500 ext. 4139
Facsimile: (866) 420-9169
Email: paige.austin@maketheroadny.org
NY Bar: 5246954

Javier Maldonado
Law Office of Javier N. Maldonado, PC
8620 N. New Braunfels, Ste. 605
San Antonio, Texas 78217
Telephone: (210) 277-1603
Facsimile: (210) 587-4001
Email: jmaldonado.law@gmail.com
TX Bar No. 00794216
Fed. Bar No. 20113

Ahilan T. Arulanantham*
Center for Immigration Law and Policy
UCLA SCHOOL OF LAW
385 Charles E. Young Dr. E., Box 951476
Los Angeles, CA 90095
Telephone: (310) 983-3345
Email: arulanantham@law.ucla.edu
CA Bar: 237841
**admitted pro hac vice*

**ATTORNEYS FOR PETITIONER**

---

[3] Even were Petitioner not entitled to TPS protections, he would remain protected from deportation and eligible for release. *See generally* 8 U.S.C. 1231(a)(6); *Tran v. Mukasey*, 515 F.3d 478, 485 (5th Cir. 2008) (affirming the district court's release of petitioner detained pursuant to 8 U.S.C 1231(a)(6)).

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sends notice of electronic filing to Plaintiff's counsel of record.

/s/ Paige Austin
Paige Austin
Make The Road New York
301 Grove St.
Brooklyn, New York 11237
Tel: (718) 565-8500 ext. 4139
Facsimile: 866-420-9169
Email: paige.austin@maketheroadny.org
NY Bar: 5246954

**ATTORNEY FOR PETITIONER**